IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| LaTONYA PARKS<br>11914 Erwin Avenue<br>Cleveland, Ohio 44135<br><br>        Plaintiff<br><br>vs.<br><br>STEVE'S DOGHOUSE INC.<br>c/o Edward Salzgeber, Statutory Agent<br>559 Prospect Road<br>Berea, Ohio  44017<br><br>        Defendant | CASE NO.<br><br>JUDGE<br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

## PARTIES

1. Plaintiff LaTonya Parks brings this action against Defendant Steve's Doghouse, Inc. ("Defendant") to recover unpaid overtime compensation under provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA"), the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq.,* and to recover unpaid wages under Ohio Revised Code section 4113.15.

2. Defendant is an Ohio for-profit corporation doing business in the Northern District of Ohio and, at all relevant times, has been an "employer" as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

3. Plaintiff LaTonya Parks currently resides in Cuyahoga County and was at all relevant times an "employee" of Defendant as defined under the FLSA, the Ohio Minimum Fair Wage Standards Act, and Ohio Revised Code section 4113.15.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, and pursuant to the FLSA, 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) as Defendant is an Ohio for-profit corporation doing business in the Northern District of Ohio, and the causes of action alleged herein arise from Defendant's activities in in the Northern District of Ohio.

## COUNT ONE

### Violation of the Fair Labor Standards Act

7. At all times material to this action, Defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1)(A)(i)and (ii) of the FLSA.

8. At all times material to this action, Defendant was an "employer" of Plaintiff under the FLSA.

9. At all times material to this action, Defendant employed Plaintiff in a non-exempt position.

10. At all times material to this action, Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA, and worked for Defendant within three years preceding the filing of this lawsuit.

11. Plaintiff consistently worked more than 40 hours per work week for Defendant during the three-year period preceding this Complaint.

12. Plaintiff consistently worked more than 40 hours per week for which Defendant failed to pay her overtime.

13. The provisions set forth in § 207 of the FLSA apply to Defendant and Plaintiff.

14. Defendant intentionally, willfully and/or with reckless disregard for the law failed to pay Plaintiff according to the provisions § 207 of the FLSA, which requires employers to pay non-exempt employees for work in excess of forty (40) hours per work week at a rate not less than one and one-half times the regular rate at which she is employed.

15. For at least three years, Defendant has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, Defendant failed to pay Plaintiff the amount of pay § 207 of the FLSA requires.

16. Defendant engaged in a pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with § 207 of the FLSA.

17. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive the compensation to which she is entitled pursuant to § 207 of the FLSA.

18. In addition to the amount of unpaid wages and benefits owing to Plaintiff, she is also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). She is also entitled to prejudgment interest.

19. Defendant failed to make a good faith effort to comply with the FLSA.

20. Plaintiff is entitled to an award of attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT TWO

### Violation of the Ohio Minimum Fair Wage Standards Act

21. Plaintiff incorporates herein by reference the foregoing allegations of her Complaint.

22. Plaintiff brings this claim to recover unpaid overtime compensation under provisions of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq*.

23. The acts of which Plaintiff complains are also in violation of the Ohio Minimum Fair Wage Standards Act, § 4111.01, etc. of the Ohio Revised Code.

## COUNT THREE

### Violation of Ohio Revised Code 4113.15

24. Plaintiff incorporates herein by reference the foregoing allegations of his Complaint.

25. Ohio Revised Code 4113.15 requires that all wages due and owing be paid by the employer within the time period specified therein.

26. Ohio Revised Code 4113.15(B) makes an employer who fails to make wage payments for 30 days beyond the regularly scheduled pay day or, where no regularly scheduled pay day is applicable, for 60 days beyond the filing of a claim, liable for liquidated damages in an amount equal to 6% of the amount of the wages still unpaid and in contest or disputed, or $200, whichever is greater.

27. Defendant did not pay Plaintiff for the full amount to which she was entitled during each work week of her employment.

28. Defendant is liable to Plaintiff for all unpaid wages.

29. Defendant is additionally liable for liquidated damages for each week it did not make full payment of wages to Plaintiff.

**WHEREFORE**, Plaintiff prays for the following relief:

A. **On Count One pursuant to § 216(b) of the FLSA:**

1. That Plaintiff be awarded damages in the amount of one and one-half times her regular rate of pay for all hours worked over 40 hours, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant; and

3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

B. **On Count Two pursuant to the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01 *et seq.*:**

1. That Plaintiff be awarded damages in the amount of one and one-half times her regular rate of pay for all hours worked over 40 hours, plus an equal amount of liquidated damages, and prejudgment interest;

2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant; and

4. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

C. **On Count Three pursuant to O.R.C. § 4113.15:**

1. Damages in the amount of unpaid compensation and benefits, plus for every pay period for which Plaintiff did not receive full payment, 6% per annum of such amount or $200, whichever is greater, as and for liquidated damages, and prejudgment interest;

2. That Plaintiff's reasonable attorney fees and the costs and expenses of this action be paid by Defendant; and

3. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which she may be entitled.

D. Any and all such other relief to which Plaintiff might be entitled under each Count of the Complaint.

Respectfully submitted,

/s/ Alan I. Goodman
Alan I. Goodman (0012660)
55 Public Square, Suite 1330
Cleveland, Ohio 44113
Tele: (216) 456-2486
Fax: (216) 456-2487
agoodman@aiglaw.com

/s/ David W. Neel
David W. Neel (0033611)
David W. Neel, LLC
13800 Shaker Blvd., Ste. 102
Cleveland, Ohio 44120
Telephone:  (216) 522-0011
Telecopier:  (844) 548-3570
dwneel@neellaw.com

*Attorneys for Plaintiff LaTonya Parks*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all causes of action.

/s/ David W. Neel
David W. Neel (0033611)